12 So.2d 861
### PURE OIL CO. v. STATE.
#### 6 Div. 74.

Supreme Court of Alabama.
Jan. 14, 1943.

Rehearing Denied April 22, 1943.

Logan Marshall, of Chicago, Ill., and London & Yancey, Geo. W. Yancey, and Fred G. Koenig, Sr., all of Birmingham, for appellant.

Wm. N. McQueen, Atty. Gen., and John W. Lapsley, Asst. Atty. Gen., for appellee.

BOULDIN, Justice.

The State sued appellant to recover alleged balances of taxes due for the fiscal year ending September 30, 1935, under License Schedule 74, § 361, of the General Revenue Act of 1919 (General Acts 1919, p. 424), and for fiscal years ending September 30, 1936, 1937, and 1938, under License Schedule 138.3, § 348, of the General Revenue Act of 1935, General Acts 1935, p. 495. These schedules deal with the same privilege or license tax, now levied by Section 634, Title 51, Code of 1940. There is merely a change in the collecting agency in the successive statutes. The pertinent part of the present statute reads: "Each person, firm, corporation, or agency selling illuminating, lubricating, or fuel oils at wholesale, that is to say in quantities of twenty-five gallons or more, shall pay to the department of revenue for the use of the state, within two weeks from the beginning of the fiscal year, the sum of one half of one percent on his gross sales for the preceding fiscal year, * * *."

The case was tried on an agreed statement of facts. What constitutes "gross sales" as a basis for computing the tax is the real question at issue. The taxpayer, in making returns from year to year, deducted or, looked at from its viewpoint, did not include certain items. Among them, to quote from appellant's brief, were:

"1. Certain amounts representing excise taxes levied by the United States under the provisions of the Revenue Act of 1932 (U.S.Stat. at Large, Vol. 47, 601(c) (1), p. 259, as amended [26 U.S.C.A. Int. Rev. Acts, page 603])." This is a Federal excise tax of four cents per gallon upon the sales of lubricating oils by manufacturers, producers or importers. Indian Motorcycle Co. v. United States, 283 U.S. 570, 51 S.Ct. 601, 75 L.Ed. 1277.

"2. Certain amounts representing excise taxes levied by the State of Alabama under the provisions of Sections 26 to 41, inclusive, of the General Revenue Act of 1927, approved July 22, 1927, or under the provisions of Schedule 138.1 of the General Revenue Act of 1935." More accurately these items represent the tax levied by Section 27, p. 169, General Revenue Acts of 1927, which, in part, reads: "Every distributor, retail dealer or storer of lubricating oils as herein defined shall pay an ex-

cise tax of Two Cents (2c) per gallon upon the selling, distributing or withdrawing from storage for any use lubricating oils as herein defined in this State, * * *." This statute was reenacted without change as Schedule 138.1, § 348, General Acts 1935, p. 494, now Section 631, Title 51, Code of 1940.

"3. The amount of certain inspection fees on kerosene paid to the State Department of Agriculture of the State of Alabama under the provisions of Section 173 of the Agricultural Code of Alabama of 1927 (General Acts of Alabama of 1927, p. 324, Agricultural Code of 1927, p. 80)." This is an inspection fee of one-half cent per gallon on all kerosene or illuminating oils sold in Alabama to be paid by the first seller in Alabama. It is in the nature of a service charge to meet expenses of inspection, etc., for the protection of the public.

The statement of facts discloses that the taxpayer, in the conduct of its business, set up on its books items 1, 2 and 3, as distinct from the net sale price of each sale, and by invoice to the purchaser, disclosed the amount of taxes entering into the gross sum to be paid. Appellant insists that it thus becomes the collector of these taxes from the purchaser, all accruing by reason of the sale, and passed on to the purchaser; and to include them in "gross sales" is to levy a tax upon a tax.

The tax here sued for is a privilege tax levied on the wholesaler, measured by his "gross sales." The schedules named are sub-heads of sections expressly levying privilege or occupation taxes for engaging in specified lines of business. Acts of 1919, p. 395, Section 361; Acts of 1935, p. 441, Section 348, Code 1940, Tit. 51, § 450 et seq.; State v. Coastal Petroleum Corporation, 240 Ala. 254, 198 So. 610. This, as well as the other taxes in question, are different forms of excises as generally defined. 61 Corpus Juris 242, §§ 226, 227, 228. Terminology is unimportant in dealing with the question before us.

In essence appellant seeks deductions from his "gross sales" for other items of taxation levied against him and paid by him. None of these items are levied against the purchaser. He is not the taxpayer. Appellant could not collect a tax from him, as such. They are unlike our sales tax upon retailers. True, the economic burden of the tax is generally passed on to the purchaser, and finally to the consumer. We make no criticism of making invoices disclose the tax burdens of the seller, rendering the public tax-conscious, maybe reacting on legislative bodies when framing tax laws. But in fact and in law these other tax items are legal obligations of appellant, constituting, in economic sense, part of the overhead of the seller's business, as does the tax here sued for. Invoices or bookkeeping cannot change the fact that the purchaser is paying the sale price fixed by the seller, nothing more nor less. They cannot stipulate the purchaser into the position of a taxpayer, and the seller into the position of a tax collector. The tax is payable to the State only, and by the seller. In the absence of statute authorizing such deductions, the "gross sales" must include what the words import, namely, the gross prices paid for the products named when purchased in wholesale quantities as defined by the statute.

These views, we think, are supported by reason and the weight of authority. We cite without here reviewing authorities at length. Texas Co. v. Harold, 228 Ala. 350, 153 So. 442, 92 A.L.R. 523; State v. City of Montgomery, 228 Ala. 93, 151 So. 856; Heckman & Company, Inc., v. I. S. Dawes & Son, 56 App.D.C. 213, 12 F.2d 154, 155; Lash's Products Co. v. United States, 278 U.S. 175, 49 S.Ct. 100, 73 L.Ed. 251; People v. Werner, 1936, 364 Ill. 594, 5 N.E.2d 238, 240; Shearer v. Commissioner of Internal Revenue, 2 Cir., 48 F.2d 552, 554; Magruder v. Supplee, 316 U.S. 394, 62 S.Ct. 1162, 86 L.Ed. 1555; Commissioner of Internal Revenue v. Rust's Estate, 4 Cir., 116 F.2d 636, 641.

No question of intergovernmental tax immunity is here involved. Taxes by distinct sovereignty, each for its own governmental purposes, and levied against the same persons and on the same tax basis, are lawful and prevalent throughout our tax structures. Tax burdens imposed by one sovereignty on another was the theme of Alabama v. King & Boozer, 314 U.S. 1, 62 S.Ct. 43, 86 L.Ed. 3, 140 A.L.R. 615.

A fourth item was deducted in making returns from year to year. We quote again from appellant's brief: "4. Amount of the gross sales of illuminating, lubricating or fuel oils sold within the State of Alabama to Woco-Pep Company, Inc. of Tuscaloosa, Alabama, a totally owned subsidiary of the defendant corporation."

It thus appears that the appellant sold to its subsidiary corporation as to other

customers. So far as appears the Woco-Pep Company did business as a distinct legal entity, and business was transacted between the two companies without regard to ownership of stock.

■■ On the principle that deductions and exemptions in tax statutes are not implied, we think these sales must be treated as other sales in figuring "gross sales" of appellant. Presumably, there were compensating advantages in thus setting up a separate corporate entity with which to do business. Pickwick Corporation v. Welch, D.C., S.D.Cal., 21 F.Supp. 664, 667, 670; In re Bush Terminal Bldgs. Co., 2 Cir., 93 F.2d 661, 663. Compare Ledlow v. Goodyear Tire & Rubber Co., 238 Ala. 35, 38, 189 So. 78; Brown v. Standard Casket Mfg. Co., 234 Ala. 512, 175 So. 358; State v. Pullman-Standard Car Mfg. Co., 235 Ala. 493, 179 So. 541, 117 A.L.R. 498.

Affirmed.

All Justices concur, except LAWSON, J., not sitting.