18 So.2d 137

MERCHANTS CIGAR & CANDY CO. v. CITY OF BIRMINGHAM.

6 Div. 237.

Supreme Court of Alabama.

May 25, 1944.

W. B. Harrison, of Birmingham, for appellee.

FOSTER, Justice.

The question in this case is the proper computation of the amount of the "gross receipts" from appellant's wholesale tobacco business on which a city license tax is imposed. The city ordinance laying the tax is in broad terms, with no exceptions and nothing to restrict the all-inclusive application thereby indicated. It relates to "tobacco and snuff (wholesale), including cigarettes." It is insisted that there should not be included in appellant's "gross receipts" for such sales the amounts which appellant shall have paid the State and city (under a different ordinance) for the stamp tax charged on each package, and which is passed on to the retailer to whom appellant as a wholesaler has sold the package, and paid by the retailer as shown by the invoice to him by appellant.

The argument is that when appellant thus pays the stamp tax, charges it as such to the retailer and collects it from him, it is not a part of the wholesaler's gross receipts, but he is in the nature of a collection agency for the State and city of the stamp tax, and the money so collected is not a receipt by the wholesaler, but it merely reimburses him in the amount paid by him to the State and city, each separately. The State's tobacco stamp tax is embraced in subdivision 1 of Article 9 of Title 51, Code of 1940, sections 718 to 743. That tax is laid directly upon every person who sells to any one the tobaccos specified. The seller shall pay to the State the stamp tax. The city ordinance provides for a stamp tax in similar language. There is no law or ordinance which requires him to collect a similar amount from the purchaser, by adding it to the sales price, or otherwise, as is required under the General Sales Tax law. Section 776, Title 51, Code of 1940. Section 731 requires the wholesale seller liable for the tax to invoice the sale in duplicate showing the amount and value of each class of articles sold, and retain a duplicate subject to audit and inspection by the State Department of Revenue. This is evidently only for auditing purposes by the State department. The State stamp tax is of course imposed as directed by law on the sales price before adding the amount of that tax. Section 718(b), Title 51, Code. It does not provide that the invoice shall include separate items for the stamp tax, or charge it as such to the purchaser. But that procedure was adopted, and the tax was collected by the wholesaler from his purchaser along with the balance of the invoice. The collection of it as a tax from the purchaser was appellant's own system not required by the State Revenue Department, nor by law or ordinance and has no effect on the instant question. Pure Oil Co. v. State, 244 Ala. 258, 12 So.2d 861, 148 A.L.R. 260. The tax is levied on the seller as any other tax against him. He could absorb the amount of it without increasing the sale price. There is no law which directs him to pass it on as a tax to his purchaser. But "the price is the total sum paid for the goods. The amount added because of the tax is paid to get the goods and for nothing else. Therefore it is part of the price." Lash's Products v. United States, 278 U.S. 175, 49 S.Ct. 100, 73 L.Ed. 251.

The instant case is controlled by the foregoing principles, and authorities.

The judgment of the trial court is consistent with this discussion.

Affirmed.

GARDNER, C. J., and THOMAS, LIVINGSTON, and STAKELY, JJ., concur.