28 So.2d 918

### ONDERDONK v. COCHRAN et al.

### I Div. 274.

Supreme Court of Alabama.
Jan. 23, 1947.

Richard H. Coffin, of Mobile, for appellant.

Johnston, McCall & Johnston, of Mobile, for appellees.

LIVINGSTON, Justice.

The appeal is from the ruling of the Circuit Court of Mobile County, sustaining defendant's demurrer to the amended complaint of plaintiff. Plaintiff took a non-suit and presents that ruling for this Court's consideration.

Count one of the amended complaint is as follows:

"Plaintiff claims of the defendants the sum of twelve hundred and no/100 ($1200.-00) dollars, together with interest thereon, for that during the period between, towit, the 6th day of October, 1945, and the 28th day of February, 1946, the defendants, as sellers and distributors of beer in the county of Mobile, Alabama, sold and delivered to the plaintiff, a retailer, beer by the case of twenty-four (24) bottles each, containing twelve (12) fluid ounces of such beer to the bottle, and required plaintiff to pay to them, as a part of the price of said beer, a sum equal to two cents (2¢) on each twelve (12) fluid ounces of such beer, which amount defendants itemized as a 'county tax' on the invoices rendered therefor by defendants to plaintiff, and which was the equivalent sum of a license tax attempted to be levied against defendants as a seller or distributor of beer in Mobile County, under and by virtue of an Act of the Legislature approved July 6, 1945, (General Acts of Alabama, Regular Session, 1945, pages 754 et seq.) a copy of the invoice covering one of said sales of beer by defendant to plaintiff being hereto attached, marked Exhibit 'A' and made a part hereof, all other invoices covering said sales being in identical form thereto, and varying, as the facts required, only in the number of the invoice, the date of the sale, and in numerical figures of the other items reflected thereon; that on said beer so sold and delivered to the plaintiff, the defendants had paid over, under protest, as a license tax to the commissioner of licenses of Mobile County, Alabama, the sum of two cents (2¢) on each twelve (12) fluid ounces thereof, pursuant to the apparent requirements of such Act of the Legislature approved July 6, 1945, which Act of the Legislature was thereafter declared unconstitutional and void; that said tax so

paid by the defendants to said commissioner of licenses for Mobile County, Alabama, as aforesaid, was, subsequent to the declaring of said Act as unconstitutional and void, refunded to the defendants by the commissioner of licenses for Mobile County; and plaintiff avers that he was, in turn, entitled to have the amount of two cents (2¢) on each twelve (12) fluid ounces of said beer so paid by him to the defendants on said beer refunded to him by the defendants, the aggregate of which amounted to twelve hundred and no/100 ($1200.-00) dollars, the sum claimed herein; wherefore he brings this suit and asks judgment for the above amount."

"Exhibit A.

"No. 48827.

"Cochran Distributing Co.

"Distributors of

"Spearman and Blatz

"Phone 2–2915        106 S. Anthony St.

"Mobile, Ala. 2/12/46  194—

"Sold to Old Glory

"Spearman, Pints,

"Spearman, Quarts

| | | |
|---|---|---|
| "15 Blatz (cases) | 39.60 | |
| County tax | 7.20 | |
| 15 Cases at 75¢ | 11.25 | |
| | 58.05 | |
| 15 Empties returned | 11.25 | |
| Total | 46.80 | |

3  (1)  827"

Count two of the amended complaint is the same as count one, except that the plaintiff seeks to recover of the defendants the sum of $900, in that plaintiff in the second count avers that this is the amount he (plaintiff) in turn collected from his patrons.

Count three is the same as counts one and two, except that in count three, plaintiff seeks to recover the sum of $300, which amount plaintiff claims to have been personally paid by plaintiff to defendants and not recovered in turn from his patrons, but by the plaintiff personally absorbed.

Section 2(b) of the Act of the Legislature of 1945, General Acts 1945, page 754, Code 1940, Tit. 62, § 103(37), defines "distributor" and "seller" as follows:

"The term 'distributor' and the term 'seller' each shall mean and include any person, as the word 'person' is herein defined, who is engaged in the business of selling, distributing, delivering, storing, or taking out of storage, malt or brewed beverages, as the words 'malt or brewed beverages' are herein defined, within the county; provided, however, the terms 'distributor' and 'seller' shall not mean and include the Alabama alcoholic beverage control board nor the members, officers, or, employees thereof while engaged in the performance of their duties under the Alabama Beverage Control Act, nor any liquor store or warehouse established, operated and maintained by the said Alabama alcoholic beverage control board under said act."

Each count in the amended complaint describes defendants as sellers and distributors of beer in the county of Mobile, Alabama.

The pertinent part of section 3 of the Act of 1945, supra, Code 1940, Tit. 62, § 103(38), reads as follows:

"(a) Every distributor or seller of malt or brewed beverages shall, in addition to all other taxes and licenses now imposed by law, pay a license tax to the county, and a license tax is hereby fixed and created which shall be a sum and amount equal to two cents on each twelve fluid ounces or fractional part thereof of malt or brewed beverages sold, distributed, delivered, stored, or taken out of storage within the county; provided, however, that where the additional license tax hereby required to be paid shall have been paid by a distributor or seller of malt or brewed beverages, such payment shall be sufficient, the intent being that such license tax hereby required to be paid shall be paid but once on the same identical beverage."

It will be observed that said section 3 levies a tax against the distributor or seller of malt or brewed beverages in addition to all other license taxes imposed by law. Each count of the complaint alleges that said tax was attempted to be levied against the defendants as sellers or distributors of beer in Mobile County, under, and by virtue of the Act of the Legislature of 1945, General Acts 1945, page 754, and further alleges that defendants paid, under pro-

test, as a license tax to the commissioner of licenses in Mobile County, Alabama, pursuant to the apparent requirements of such act of the legislature, the sum of two cents on each twelve fluid ounces of beer sold and delivered to the plaintiff: that said act of the legislature was thereafter declared unconstitutional and void: that said tax so paid by the defendants to said commissioner of licenses for Mobile County, as aforesaid, was, subsequent to the declaring of said act as unconstitutional and void, refunded to the defendants by said commissioner of licenses. Each count in the complaint excludes any idea that plaintiff ever paid said tax to the commissioner of licenses of Mobile County, since it alleges that the license tax was included in the price of the beer paid to the defendants by the plaintiff.

Each count of the complaint presents a situation where the tax was levied against the defendants, paid by the defendants to a governmental agency. No tax was levied on said beer against the plaintiff (it had theretofore been paid by the defendants), and plaintiff paid no tax to any governmental agency.

For aught appearing, there was no agreement of any kind between plaintiff and defendants relative to any refund, recovery or payment back of said tax in the event said levy was found to be illegal, unconstitutional or void.

The invoice attached to and made a part of each count of the complaint, and which is alleged to be typical of all beer sold by defendants to plaintiff, shows how the amount due on the invoice was arrived at. Fifteen cases of Blatz beer amounted to $39.60, which is increased by the amount of the county tax paid by the defendants thereon of $7.20. The fifteen cases containing the beer are charged to the plaintiff, and this charge amounted to $11.25, making an over all charge for the beer and cases of $58.05, against which there appears a credit of fifteen empty cases returned of $11.25, making the total amount due for the beer $46.80. The item designated county tax, showing how the total price of the beer of $46.80 is arrived at, is buried in the sale price, and the itemization of it in no sense indicates that plaintiff was obligated to pay the tax to the commissioner of licenses, or that plaintiff had ever paid the same to him.

The case of Texas Co. v. Harold, 228 Ala. 350, 153 So. 442, 444, 92 A.L.R. 523, clearly determines the issues now before us. In that case the defendant was engaged in the business of distributing gasoline and motor oil in Mobile County. Plaintiff, a regular purchaser of gasoline and motor oil from the defendant there, maintained several filling stations in the city of Mobile where he sold such gasoline and motor oil to his customers. A seawall license tax equal to one and one-half cents per gallon, and a textbook license tax equal to one cent per gallon were levied against the defendant, Texas Company, which paid it, and in turn the price of gasoline was increased to the plaintiff in those respective amounts. Speaking through the late Justice Knight, the Court said:

"If the tax was absorbed in the total price to be paid at all events, then it would follow, as we see it, that the plaintiff has no right to the money sued for. In other words, if the price charged the plaintiff for the gas was placed at such figures as to take care of, or absorb the tax, and was to be paid at all events as the selling price of the gas and oil, the plaintiff is without remedy. His position would be no different than that of any other purchaser of goods who has to pay therefor a price, increased by the seller to take care of tariff or other taxes. We take it, in such a case, if the tariff or tax should be held illegal, the purchaser would not have a remedy against the seller to recover the amount of tariff or tax figured by the seller in fixing the price of the commodity.

"In the case of Heckman & Co., Inc., v. I. S. Dawes & Son Co., Inc., 56 App. D.C. 213, 12 F.2d 154, 155, the facts were: The Commissioner of Internal Revenue promulgated a regulation construing section 628 of the Revenue Act of 1918 (40 Stat. 1116) as imposing upon manufacturers of cider a tax equal to 10 per cent. of the price for which sold. As such a manufacturer the defendant paid to the United States 10 per cent. of the price for which its cider was sold. The defendant sold a quantity of cider to the plaintiff, and added

to the selling price the 10 per cent. thus paid to the United States. It was thereafter held that the act of 1918 did not authorize the imposition of a tax on cider. The defendant sought and obtained a refund of the cider tax paid by it. The plaintiff, who had purchased a quantity of defendant's cider with the tax figured and absorbed in the price paid by him, sought a refund from the defendant of the 10 per cent. involved. Failing to get the refund, the plaintiff filed a bill against the defendant seeking to have the money refunded by the government to the defendant impressed with a trust for the benefit of plaintiff, to the extent that it represented taxes paid by the National Beverage Company (plaintiff) to the defendant. The Court of Appeals of the District of Columbia, in the above case, held that the plaintiff could not recover, either at law or in equity. We quote from the opinion: 'Plaintiffs seek in this action to recover from the defendant the amount of the 10 per cent. tax which was included in the price they paid. The tax, however, under the law, was in no event payable by plaintiffs, but only by the manufacturer; that is, the defendant. There was no tax, or claim of tax, against the plaintiffs. The plaintiffs did not pay the money under duress. There was no governmental claim made against the plaintiffs, and the cases cited by the latter, holding the right to recover for a tax paid under the belief that it was valid when in fact it was void, are not in point. The payment was not made under a mistake of fact. Both parties knew of the enactment of the law. The defendant made the purchase price of the cider greater because of its belief that it had to pay the tax to the government; but, nevertheless, the plaintiffs merely paid the price which the defendant demanded for its goods. Plaintiffs make no claim of any agreement that the defendant was to repay the 10 per cent. in the event that the cider should be held not to be taxable. Under such circumstances, the plaintiffs may not recover.'

"It appears from the evidence in the instant case, and it is undisputed, that the plaintiff paid no tax to the county under either act; that the tax was paid by the defendant in discharge of its own obligation; that no demand was ever made upon the plaintiff by any governmental agency of the state or county of Mobile for the payment of said tax; the payment made to the defendant by the plaintiff was not made under any mistake of law; both parties knew of the enactment of the two tax laws. The defendant made the purchase price of the gasoline and oil greater because of the tax, and the plaintiff, without protest, paid the defendant the price charged for the gasoline and oil. And we may here add, that the plaintiff passed the gasoline tax on to his customers, and the evidence admits of no other inference than that the plaintiff immediately raised the price of gasoline to his customers to include this tax and collected the same. It does not appear that he has ever made any refund to his customers of the tax, but for aught appearing he has this tax money still in his possession. By this action he seeks to collect it also from defendant.

"The case of Lash's Products Co. v. United States, 278 U.S. 175, 49 S.Ct. 100, 73 L.Ed. 251, was one in which a manufacturer sought to recover the amount of certain taxes paid under the Revenue Act of 1918 (Act Feb. 24, 1919, c. 18, § 628, 40 Stat. 1057, 1116). By section 628, there was imposed on 'Soft drinks, sold by the manufacturer, * * * in bottles or other closed containers, a tax equivalent to 10 per centum of the price for which so sold.' This tax was paid by the manufacturer, calculated at 10 per cent. of the sum actually received by it for the goods sold. But the manufacturer had notified its customers beforehand that it paid the 10 per cent. tax, and it contended that in this way it passed the tax on and that the true price of the goods was the sum received less the amount of the tax. The court, speaking through Justice Holmes, held: 'The phrase "passed the tax on" is inaccurate, as obviously the tax is laid and remains on the manufacturer and on him alone. Heckman & Co. v. I. S. Dawes & Son Co., 56 App.D.C. 213, 12 F.2d 154. The purchaser does not pay the tax. He pays or may pay the seller more for the goods because of the seller's obligation, but that is all. * * * The price is the total sum paid for the goods. The amount add-

ed because of the tax is paid to get the goods and for nothing else. Therefore it is part of the price.'"

We deem a review of other authorities unnecessary. The Texas Co. case, supra, is, we think, conclusive. The ruling of the trial court conforms to the opinion rendered in that case, and is due to be, and is, affirmed.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.