167 So.2d 146

**STATE of Alabama**

v.

**AUTOMATIC SALES et al.**

1 Div. 155.

Supreme Court of Alabama.

May 28, 1964.

Rehearing Denied Sept. 3, 1964.

Richmond M. Flowers, Atty. Gen., Willard W. Livingston and B. Frank Loeb, Asst. Attys. Gen., for appellant.

Maurice A. Downing, Mobile, for appellees.

PER CURIAM.

The State Department of Revenue entered an assessment in the manner provided by law for sales tax, which the appellant contends was due the State by appellees on the retail sales of cigarettes through vending machines set up in Mobile and Baldwin Counties. Appellees appealed from this assessment to the circuit court, sitting in equity, Mobile County, and from an adverse decision of that court the State here appeals.

Appellees, in their complaint, allege that the Department of Revenue, covering a period from March, 1957 through February 29, 1960 (which we will hereafter refer to as the audit period), used as a basis of their assessment gross sales in the sum of $299,738.52; that the state charged appellees with 3% sales tax on the amount, the computation of which amounts to $8,992.16. The complaint further charges that the Department of Revenue credited on this amount the sum of $8,740.24, paid by appellees, leaving a deficiency of $251.90, to which is added penalty and interest, totaling $348.60, for which amount an assessment was entered. The State admits these allegations.

The State, according to the allegations and proof, included in the gross sales of $299,738.52, all amounts that appellees had paid as stamp taxes during the audit period, which were not designated and specifically taxed against the purchaser or consumer of the cigarettes; also, it included in said amount all sales taxes. In other words, as we view the pleadings and evidence, the State calculated the gross sales on the basis of 35¢ per package of cigarettes, which the consumer paid, without any allowance or deduction for stamp taxes that were not specifically and directly taxed against the

consumer; also, without any deduction for sales taxes, even though such taxes were specifically taxed against the consumer. Appellees here contend that all stamp taxes, both state and county, should have been credited; and, also, that the sales taxes should have been deducted; that the sales taxes should have been computed on the sum after these deductions.

Appellant's contention is that no stamp taxes collected, except those specifically taxed against the consumer, were deductible; also that no sales taxes, even though designated as a consumer's tax, were deductible. In denying deduction of the sales taxes, appellant says that the appellees forfeited this right because they did not post on the machines a sticker or breakdown showing, for the information of the consumer, that the sales tax was included as a part of the purchase price of 35¢.

Appellees contend that had the State allowed as a credit the stamp taxes and the sales taxes on the gross sales, there would be an overpayment of taxes and they would be entitled to a refund.

The trial court, after hearing the evidence, ruled that the state stamp taxes and the sales taxes should have been credited, but not the county stamp taxes. The court vacated the assessment and ordered a refund of $1,166.69, which represented an overpayment according to its findings.

A determination of this appeal depends on several legal questions. It is not necessary for this court in reaching a decision to burden this opinion with arithmetical calculations used as a basis for the decreed refund.

It appears that during part of the period covered by the audit, here involved, there was in full force and effect § 718, Title 51, Recompiled Code of Alabama 1958, which levies a license or privilege tax for state purposes on any person, firm or corporation who sells cigarettes. The tax is measured by a graduated formula in accordance with the volume of sales and is (9) "[u]pon all cigarettes * * * over

three and two-fifths inches long and less than five and one-half inches long," and is fixed at four mills on each such cigarette. This tax is in addition to all other taxes of every kind now imposed by law.

The law provides for the affixation of stamps on each package of cigarettes evidencing payment of the tax. Hence, it is commonly known as a "stamp tax."

This law was amended by Act No. 637, Acts of 1959, p. 1550, by requiring the seller to add the tax to the product, " * * * it being the purpose and intent of this provision that the tax levied is in fact a levy on the ultimate consumer or user with the wholesaler, distributor, jobber, or retail dealer acting merely as an agent of the state." This Act became effective on November 19, 1959.

Effective October 1, 1959, the legislature enacted Act No. 101, Acts of 1959, Vol. I, p. 318 (a general law), that imposed an additional tax of two cents on each package of cigarettes containing twenty cigarettes or less. This Act also provided for the affixation of stamps evidencing payment of the tax; also, that the tax shall be added to the price and be on the consumer.

We wish here to call attention to the fact that Act No. 413, Gen. Acts of 1943, p. 378, levying a stamp tax on cigarettes for the benefit of Mobile County and other counties within the population brackets, referred to by appellees in their brief, was repealed by Act No. 364, Acts of 1949, p. 538. The legislature thereupon enacted Act No. 55, Acts of 1949, p. 78, which levies a 2¢ tax on cigarettes. This Act became effective on June 15, 1949, and applies to Mobile County. Act No. 847, Acts of 1961, p. 1263, as amended by Act No. 42, Acts of 1963, p. 209, Second Special Session, levying a cigarette stamp tax on the consumer for the benefit of Mobile County, referred to in appellees' and appellant's briefs, did not become effective until September 8, 1961, which was after the audit here involved. This Act levies the tax in lieu of taxes authorized by No. 55, supra.

We hold that the trial court erred when it excluded from the gross receipts computation the stamp taxes which appellees (as retailers) paid the state prior to amendatory Act No. 637, supra, which changed the tax from one on the retailer to one on the consumer. Prior to this amendatory change, this tax applied to appellees for the privilege of doing business and was blended with other costs of doing business. Appellees had the privilege of absorbing this tax or adding it to the retail sale price of his product. If added, as here, the tax became a part of the gross receipts to be used as a measure for the sales tax imposed by § 753, Title 51, Code of 1940, as amended; and, also, by § 786(2) (h) and § 786(3), Title 51, Recompiled Code of 1958, Pocket Part; Merchants Cigar & Candy Company v. City of Birmingham, 245 Ala. 587, 18 So.2d 137; Pure Oil Company v. State, 244 Ala. 258, 12 So.2d 861, 148 A.L.R. 260.

The evidence shows without contradiction, and we do not think it is here questioned, that appellees included in their sales price of 35¢ for each package of cigarettes the state stamp taxes, also county stamp taxes thought to be levied, and also the state sales tax of 3% imposed by the state during this audit period. Also, it is not questioned that appellees paid to the state all or a part of the sales tax of 3% measured by the basic price of 25¢, plus stamp taxes levied by the state and county.

The claim for refund and allowed by the trial court arises out of the erroneous conclusion of appellees that the stamp taxes for the state (and the county) should not have been included in the measure of gross receipts. The deficiency assessment is based on the contention that the sales tax imposed by the state and paid in whole or in part by appellees should be included in the gross receipts, because appellees did not post on their vending machines during the period of the audit a breakdown of the sales price for each package of cigarettes, so that the purchaser would be informed of the amount of taxes levied on him as the consumer. The State offered in evidence a copy of an inter-office communication mandating such posting. Appellees contend they had no notice of such requirement until after the period of the audit.

We will withhold comment on the effect of a lawful rule or regulation promulgated by the Department of Revenue requiring such posting of a breakdown of the price of the cigarettes. No such rule or regulation is here involved. It here appears without dispute, in fact appellant admits, that appellees paid to the State some sales tax which it was charged by law with collecting during this audit period. Paraphrasing the observation of this court in the case of Montgomery Aviation Corporation v. State of Alabama, 275 Ala. 266, 154 So.2d 24, the State in the case at bar derived its full "tax take" and cannot now or should not be allowed another.

We do not want to be judicially presumptious by assuming to say what legislative action, if any, would be advisable, or what departmental rules or regulations, if any, would be lawful to compel retailers of cigarettes through vending machines to pass the tax information to their customers, but suffice it to say that here the vendor should not be penalized by a second "tax take," for failure to do so. We are sympathetic with the Department of Revenue in its efforts to seal all loopholes against sales tax evasions, but this court cannot impose penalties that, as here, are not sanctioned by law.

The trial court, on remandment of this cause, will include in the gross receipts as a measure for the sales tax accruing to the State during the audit period all stamp taxes imposed by the State prior to amendatory Act No. 637, supra, specifically placing the tax on the consumer; also, it will include the two cent stamp tax collected during the audit period, as a county tax on cigarettes. These taxes plus the basic price per package will constitute the gross receipts by which the sales tax of 3% shall be admeasured during the audit period.

The decree of the trial court is reversed and the cause remanded for further proceedings in accord with this opinion.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.

ON REHEARING.

PER CURIAM.

It is ordered that all the court costs incident to this appeal be, and they are, taxed against appellant.

Opinion extended and application for rehearing overruled.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.