MADDOX, Justice
(dissenting.)
The state liquor tax falls on the retailer, and the amount of the state liquor tax, even though included in the sale price to the consumer, is a “gross receipt” of the retailer. Any holding to the contrary in S & L Beverages & Blends, Inc. v. Ritchie, 567 So.2d 341 (Ala.Civ.App.1990),[2] the case followed by the Court, is simply wrong.
There could be a myriad of taxes on products sold by a retailer that the retailer pays, but that the retailer is not required to collect from the purchaser. Such taxes are a part of doing business, and the fact that the product is liquor, a governmentally controlled product, as here, is not determinative of whether such a tax is a “gross receipts” tax.
The City of Decatur is absolutely right in its position here. In City of Birmingham v. Alabama Gas Corp., 564 So.2d 416 (Ala. 1990), this Court distinguished between a *1367 tax levied on a seller (which tax is not required to be passed on to the purchaser) and a tax levied on the consumer. Using the rationale of that case, it is my opinion that the state liquor tax was levied on the retailer and was properly included in the retailer’s “gross receipts” as a part of what it cost the retailer to do business. Cf. Merchants Cigar & Candy Co. v. City of Birmingham, 245 Ala. 587, 18 So.2d 137 (1944), and Pure Oil Co. v. State, 244 Ala. 258, 12 So.2d 861 (1943).
Because I believe the Court has misconstrued the law, I must respectfully disagree with the Court’s reasoning and conclusion.
STEAGALL, J., concurs.

. As the majority points out, S&L was based, in part, on Judge Bradley's special concurrence in State Department of Revenue v. B & B Beverage, Inc., 534 So.2d 1114 (Ala.Civ.App.1987). I think that Judge Bradley’s reasoning in B & B is incorrect.