534 So.2d 1114 (1987)
STATE of Alabama DEPARTMENT OF REVENUE
v.
B & B BEVERAGE, INC.
Civ. 5870.
Court of Civil Appeals of Alabama.
September 30, 1987.
As Corrected on Denial of Rehearing November 13, 1987.
Certiorari Quashed December 9, 1988.
*1115 Don Siegelman, Atty. Gen., and B. Frank Loeb, Chief Counsel, and Charles E. Crumbley, Asst. Counsel, Dept. of Revenue, and Asst. Attys. Gen., for appellant.
James E. Hill, Jr., Leeds, for appellee.
Alabama Supreme Court 87-252.
INGRAM, Judge.
This is an appeal by the State Department of Revenue (Department) from a judgment of the St. Clair County Circuit Court in favor of B & B Beverage, Inc. (taxpayer), a package store, on the question of whether the Department can validly require sales tax to be collected by a package store on the 48% liquor tax (liquor tax) on retail sales when Alabama Alcoholic Beverage Control stores (state stores) are not required to collect sales tax on the 48% liquor tax on their retail sales.
State stores have been the only legally authorized liquor sellers to consumers in Alabama since repeal of the Eighteenth Amendment to the United States Constitution which marked the end of prohibition in 1933. Alabama became one of the "monopoly" states when the state's liquor control acts became law in 1936. Package stores, however, did not exist in this state before the 1981 supreme court decision which determined, in the case of Broadwater v. Blue & Gray Patio Club, 403 So.2d 209 (Ala.1981), that Act No. 80-529 of the Alabama legislature gave lounge liquor licensees the right to sell liquor, wine, and beer at retail to consumers for off-premises consumption.
When state stores sell liquor to consumers at retail, the amount of money paid by the consumers to the state stores includes the cost of the liquor, a 30% markup, a 48% liquor tax, and a 6% sales tax on the amount of the sale less the already charged 48% liquor tax. Package stores must purchase their liquor inventory from state stores. Such wholesale purchases are discounted 8.25% from the state stores' retail-to-consumer price. So, at the time of each wholesale purchase, the package stores pay the liquor tax. State stores do not collect sales tax on the 48% liquor tax when they sell at retail to a consumer, but package stores must. Package stores are then required by the Department to collect sales tax on the 48% liquor tax when they sell to consumers for off-premises consumption. See: Department of Revenue Sales and Use Tax Rule 810-6-1-.190(1), (2), (3). The consequence of this arrangement is double taxation which, though not prohibited by the constitution, should be avoided whenever possible. Al Means, Inc. v. City of Montgomery, 268 Ala. 31, 104 So.2d 816 (Ala.1958).
The taxpayer operates a package store at Moody, Alabama, and for some period of time preceding the trial and appeal of this case, had failed or refused to collect from its consumers the sales tax calculated on the 48% liquor tax it paid when it purchased its liquor inventory from state stores. This liquor tax is a composite of the various percentages of taxes levied *1116 upon the selling price of all spirituous or vinous liquors sold by the Alabama Alcoholic Beverage Control Board (ABC Board). These taxes are administered and collected by the ABC Board pursuant to §§ 28-3-200 through -205, Code 1975. These statutes, while providing collection of the liquor tax by requiring that it shall be collected by the ABC Board from the purchaser at the time the purchase price is paid, are silent as to wholesale purchases by package stores. The Department has determined that when a package store purchases its inventory from the state stores at wholesale and pays the liquor tax, such payment constitutes a privilege tax and consequently is a business expense. This means the package store cannot pass the liquor tax on to its retail consumer as a tax. Most importantly it means the package store, the taxpayer, is twice taxed for the amount of the sales tax it must pay on the liquor tax. This is double taxation. Tax on tax.
Neither our federal or state constitution prohibits double taxation, but the power to tax twice is bound to the limitations of equality and uniformity. Carly & Hamilton v. Snook, 281 U.S. 66, 50 S.Ct. 204, 74 L.Ed. 704 (1930); Barcelo & Cia v. Buscaglia, 169 F.2d 82 (1st Cir.1948). Double taxation has been held to violate public policy. Paramount-Richards Theatres, Inc. v. State, 256 Ala. 515, 55 So.2d 812, 824 (1951), holds that double taxation should be avoided if possible. It cannot be permitted if it is discriminatory or results in unreasonable pyramiding of taxes. Starlite Lanes, Inc. v. State, 283 Ala. 48, 214 So.2d 324 (1968).
It is true that the state's power to classify taxpayers is broad. Equal protection does not require identity of treatment but it does require that a classification rest on real and not feigned differences, that the distinction have some relevance to the purpose for which the classification is made, and that the different treatments be not so disparate, relative to the difference in classification, as to be wholly arbitrary. All in the same class are entitled to equality rights in taxation. Walters v. City of St. Louis, Mo., 347 U.S. 231, 74 S.Ct. 505, 98 L.Ed. 660 (1954).
The Department argues that "[a]ny differences in treatment of package stores and ABC stores is due to circumstances and classifications which are perfectly reasonable and have a rational basis." It gives two examples in support of that argument: (1) that state stores are part of a branch of government with a primary purpose to regulate the sales of alcoholic beverages to protect the public morals, welfare, and safety; and (2) that state stores sell at both wholesale and retail.
The Department further argues that a rational basis for taxation distinction is created because package stores become the "purchasers" when they buy their liquor inventory from state stores. But in fact they are not the ultimate purchasers, and they should not be treated as such under a taxing arrangement that disallows their passing the liquor tax on to the real ultimate purchaser, the consumer, as a tax instead of a business expense. The proper test would be to view the state stores and the package stores at the time they are similarly situatedthe moment of sale to a consumer at retailfor it is at this time that the inequities of double taxation are brought into sharp focus. It is on this occasion that the two are brought together within the class where uniformity of taxing policy must prevail. Means, supra. I am therefore not convinced that a rational basis exists from which such taxing distinction can be sustained. The Department also contends that such disparate taxing arrangement is within the state's broad police power to regulate the sale of alcoholic beverages so as to protect the public morals and welfare, and to assure the safety of its citizens.
I agree that the state's police power undoubtedly regulates, controls, and restrains the liquor traffic. Though this power reaches far and wide, it is nevertheless subject to the court's power to adjudge when its exercise invades constitutional rights. So the issue here is not one of howin what mode or mannerthe liquor traffic can be controlled, it is one of equal protection of the law regarding an unequal taxation arrangement. State ex rel. Wilkinson *1117 v. Murphy, 237 Ala. 332, 186 So. 487 (1939).
I cannot discern why state stores and package stores should be classified differently on the basis of these arguments, or how such a classification furthers the state's legitimate interest in regulating the sale of alcohol. I am therefore satisfied that state stores and package stores, in that they both sell liquor at retail, are engaged in the same business. Any difference in treatment by the Department would violate the Fourteenth Amendment.
I would affirm the trial court.
AFFIRMED.
BRADLEY, P.J., concurs specially.
HOLMES, J., dissents.
BRADLEY, Presiding Judge, concurring specially:
I agree with Judge Ingram that the dispositive issue in this case is whether an equal protection violation exists via the different methods of calculating sales tax. However, I think it important to note the statutory implications of the case. For this reason, I concur with Judge Ingram in his conclusion on the equal protection ruling and further look to the statutory interpretation of the liquor tax statutes to affirm the trial court's judgment.
"Package store" retail liquor establishments are a relatively new creature in Alabama, coming into existence after 1981 by virtue of judicial interpretation of sections 28-3A-1 through -26, Code 1975. See, Broadwater v. Blue & Gray Patio Club, 403 So.2d 209 (Ala.1981). The Department's regulations are silent as to how they should be taxed.
Taxpayer contends that the liquor tax is an excise tax and, therefore, a consumer tax. If denominated a consumer tax, the liquor tax would be passed on to the ultimate consumer as are the excise taxes on beer and wine. Consequently, taxpayer would be allowed to deduct the liquor tax from gross proceeds for sales tax computation. The Department contends that the statute intended the tax to be on the purchaser and not the consumer. It is my conclusion that the forty-eight percent tax is an excise tax, not a privilege tax as the Department contends. The taxes levied on beer and wine are considered by the Department to be excise taxes. The Department cites to Ross Jewelers, Inc. v. State, 260 Ala. 682, 72 So.2d 402 (1953), in its regulations regarding beer and wine taxes. I see no distinction between these taxes and the liquor tax.
Ross involved a Federal excise tax commonly referred to as a "luxury tax." The court was faced with interpreting whether gross proceeds should include this tax for the computation of State sales tax. The State there contended the tax was merely a cost of doing business and that, as such, State sales tax could be computed on its inclusion in the gross proceeds. The court disagreed, stating:
"[T]he Federal Retail Excise Tax is not imposed upon the retailer as a privilege tax for doing business, but is specifically imposed upon the article sold. It is to be included in the price to the purchaser or consumer and therefore collected from the purchaser or consumer and held by the retailer to be accounted for and remitted to the Federal Government. Under the circumstances it is a mistake to say that the Federal Retail Excise Tax is a part of the expense of sale made by the retailer, because in no way is he obligated to make such outlay and in no way is he responsible for the tax, except that he is a conduit through whom the tax passes from his purchaser to the Federal Government."
Ross, supra.
Ross can be distinguished from the instant case in that the sale of liquor involves a wholesale/retail relationship not found in Ross. I do not see that this difference presents any problem. The merchandise sold in Ross was not part of a highly regulated industry as are the sales of liquor. The State of Alabama requires the existence of the wholesale situation in retail liquor sales. The existence of the wholesale situation does not present a problem in sales of beer or wine.
*1118 Thus, I conclude that the liquor tax is an excise tax which under Ross would be a consumer tax not subject to State sales tax.
HOLMES, Judge (dissenting).
I agree that the dispositive issue is whether equal protection has been violated by the different methods of calculating sales tax in this case. I do not agree with the conclusion reached by the majority and thus respectfully dissent.
The issue, in my view, is settled by State ex rel. Wilkinson v. Murphy, 237 Ala. 332, 186 So. 487 (1939). That case holds, as the majority notes, that the regulation and control of liquor traffic in Alabama is a governmental function, which the state exercises through its police power. That unequivocally states that in Alabama the state's sale of alcoholic beverages through its state stores is not equivalent to private enterprise. Murphy restates the established rule that, while the police power is not paramount to the Constitution, its free exercise is never interfered with, unless plainly in conflict with the higher law, and courts are generally indisposed to suffer its impairment or defeat by constitutional limitations. I find no such plain conflict between the different methods of taxation in this case and the fourteenth amendment's guarantee of equal protection of the laws.
It is a fact that Alabama has long regulated and sold intoxicating liquors in the state under the authority of its police power. It is also a fact that state stores sell at both wholesale and retail, while package stores sell only at retail. Those facts compel me to find that the difference in classification between state and package stores is a rational one. Inasmuch as the classification furthers the legitimate governmental purpose of protecting the public morals, welfare, and safety that presumably prompted the state to regulate the sale of alcoholic beverages from the outset, I find no equal protection violation.
Murphy supports my view that there is a basic difference between state and package stores in Alabama and that the trial court erred in holding otherwise. Therefore, I respectfully dissent.
In my opinion, Presiding Judge Bradley's comments regarding "statutory interpretation of the liquor tax statutes" are incorrect. Needless to say, I disagree with his comments and his conclusions.