This is a tax case.
S L Beverages and Blends, Inc. (S L) filed a complaint in the circuit court against the Director of the Department of Revenue of Jefferson County and the members of the Jefferson County Commission (County), claiming that the County should not be permitted to charge its gross receipts tax on the forty-eight percent liquor taxes paid by S L to the Alabama Alcoholic Beverage Control Board (ABC Board). The County filed a counterclaim for all amounts due and owing to the County by S L because of deductions of taxes paid to the ABC Board from gross receipts returns. The trial court entered summary judgment in favor of the County, holding that S L "may not deduct from its gross receipts the amount of taxes it paid to the Alabama Alcoholic Control Board when it purchased the liquor it sells to its customers." S L appeals. We reverse.
The dispositive issue is whether the trial court erred in ruling that S L may not deduct the liquor taxes paid to the ABC Board from its sales revenues before it determines the "gross receipts" for purposes of payment of the County license tax and sales tax.
The joint stipulation of facts reveals the following: (1) S L is engaged in the retail sale of liquor for off-premises consumption in Jefferson County. (2) The Jefferson County Commission is authorized by legislative act to levy a "gross receipts tax" on each person selling certain alcoholic beverages and drinks. (3) The Jefferson County Commission enacted a resolution which levies a tax equal to six percent of the "gross receipts" on each person selling these certain alcoholic beverages. (4) There is also imposed a county sales tax on the retail sale of goods equal to one percent of such retailer's gross receipts. (5) The Jefferson County Department of Revenue audits for the period of December 1, 1984, through February 28, 1986, revealed that S L deducted an amount equal to the state liquor taxes from its "gross receipts" when computing its county liquor tax and county sales tax. (6) S 
L has paid less tax for the period of December 1, 1984, through February 28, 1989, because of the deductions. (7) S L is required by state law to *Page 342 
purchase all alcohol from the ABC Board and pays the forty-eight percent state liquor tax at the time of purchase. In addition, the County states in its brief that the state is not a taxpayer and is not subject to "privilege taxes" (county liquor tax) on retail sales.
A determination of the dispositive issue necessitates a determination first of whether the taxes imposed on liquor sold by the ABC Board under §§ 28-3-200 through -205, Ala. Code 1975 (1986 Repl.Vol.), are excise taxes and, therefore, consumer taxes, or whether they are privilege taxes on the purchaser and, therefore, not consumer taxes. For a resolution we first look to the alcoholic beverage tax statutes.
The statutes which presently control the taxation of beer and wine were enacted between 1979 and 1982, long after beer and wine were being sold by retailers other than the ABC stores. These statutes provide that the taxes are levied on theconsumer, with the person paying the tax in the first instance, the retailer, acting as an agent for the state for the collection and payment of taxes. See Ala. Code 1975, §§ 28-7-16,28-3-184, and 28-3-190.
Statutes concerning the taxes on liquor were enacted by the legislature between 1943 and 1980, prior to the time that retailers were allowed to sell liquor to consumers for off-premises consumption, which was permitted in 1981 as a result of the supreme court's decision in Broadwater v. Blue Gray Patio Club, 403 So.2d 209 (Ala. 1981). These statutes provide that the ABC Board shall not absorb the tax, but shall pass it on to the purchaser. The County contends that the use of the term purchaser indicates that it is a tax on the retailer, S L, which is part of the cost of doing business, and cannot be passed on to the consumer. See Ala. Code 1975, §§28-3-200 through -205.
This court, considering similar facts, recognized no distinction between beer and wine taxes and liquor taxes in the case of State Department of Revenue v. B B Beverage, Inc.,534 So.2d 1114 (Ala.Civ.App. 1987), and found further that the intent of the legislature in the use of the term "purchaser" in the statute was for the liquor taxes, as it was for the beer and wine taxes, to be on the ultimate consumer, not the retail stores buying at wholesale for resale. Any other interpretation would lead to double taxation, which "should be avoided whenever possible." Id. at 1115.
Further, concluding that the tax was an excise tax and not a privilege tax, Presiding Judge Bradley, concurring specially, said:
 "Taxpayer contends that the liquor tax is an excise tax and, therefore, a consumer tax. If denominated a consumer tax, the liquor tax would be passed on to the ultimate consumer as are the excise taxes on beer and wine. Consequently, taxpayer would be allowed to deduct the liquor tax from gross proceeds for sales tax computation. The Department contends that the statute intended the tax to be on the purchaser and not the consumer. It is my conclusion that the forty-eight percent tax is an excise tax, not a privilege tax as the Department contends."
Id. at 1117.
And, where the same case discusses the tax as a business expense, the majority said:
 "The Department further argues that a rational basis for taxation distinction is created because package stores become the 'purchasers' when they buy their liquor inventory from state stores. But in fact they are not the ultimate purchasers, and they should not be treated as such under a taxing arrangement that disallows their passing the liquor tax on to the real ultimate purchaser, the consumer, as a tax instead of a business expense."
Id. at 1116.
Consequently, we find in the instant case that the liquor taxes imposed by §§ 28-3-200 through -205 are consumer taxes and may properly be deducted from S L's gross receipts for purposes of computation and payment of the county license tax and sales tax. *Page 343 
This case is due to be reversed and remanded with instructions for the trial court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
INGRAM, P.J., and ROBERTSON, J., concur.