ROBERTSON, Presiding Judge.
This case involves the constitutionality of the Alabama Alcoholic Beverage Control Board’s (ABC Board) operation of retail liquor stores for the sale of alcoholic beverages.
On November 3, 1988, Jean Bartlett, d/b/a Package Palace, filed a complaint in the Montgomery County Circuit Court naming the ABC Board; Tandy D. Little, individually and in his official capacity as the Administrator of the ABC Board; Audrey C. Wright, individually and as a member of the ABC Board; Don M. Martin, individually and as a member of the ABC Board; Guy Hunt, in his official capacity as Governor of the State of Alabama; and George C. Wallace, Jr., in his official capacity as Treasurer of the State of Alabama, as defendants.
Bartlett’s complaint alleged, inter alia, that the ABC Board’s operation of retail liquor stores for the sale of alcoholic beverages, after 1980, violated Article IV, § 93, Alabama Constitution of 1901; that the ABC Board had overcharged retailers by failing to pass on the discounts that it received from manufacturers and by taxing on the overcharged amounts; and that the ABC Board lacked authority to buy or sell any product other than alcoholic beverages.
Bartlett’s complaint requested, inter alia, that the trial court order: (1) that the ABC Board cease the retail sale of alcoholic beverages, as well as the retail sale of non-alcoholic items in the ABC Board’s liquor stores; (2) that the ABC Board refund the discounts it had received from various liquor companies but had failed to pass on to the retail and wholesale purchasers; and (3) that the ABC Board pay all costs of this proceeding, including reasonable attorney fees. On October 2, 1989, the parties stipulated to the facts and the legal issues involved in this action.
On March 30, 1990, the trial court entered an order which addressed the constitutional issue and continued the matter for a ruling on all other pending issues. The trial court held that “the continued sale of intoxicating liquors after the enactment of Act No. 80-529 does not violate Article IV, § 93 of the [Alabama Constitution of 1901] in that intoxicating liquors are regulated within the police powers of the State.” The trial court held, however, that “[t]he sale of any other items by [the ABC Board’s retail liquor stores] which contain no alcoholic content (i.e., bar-tending guides, non-alcoholic mixers, soft drinks, etc.) is not included in the police power of this State and therefore is prohibited by Article IV, § 93 of the Constitution.”
On March 2, 1993, the trial court entered an order which found that “[i]t is undisputed that in the fiscal years 1983 to 1988, the ABC Board received a total of $1,936,219.34 in discounts from various liquor companies. It is also undisputed that the ABC Board did not consider any discount it received on purchase of spirituous liquors in establishing the wholesale and retail price of liquors.”
The trial court further found that “the ABC Board [had] been granted the intrinsic power to determine the price of all spirituous and vinous liquors” and held that “any deci *949 sion to pass along discounts [was] within the discretion of the [ABC Board].” The trial court found in favor of the defendants on all remaining issues and taxed costs against Bartlett.
Bartlett appeals and presents this court with only two issues: (1) whether the ABC Board’s operation of state liquor stores engaged in the retail sale of alcoholic beverages violates Article IV, § 93, Alabama Constitution of 1901, and (2) whether the ABC Board was required to take into consideration all discounts it had received on the purchase of alcoholic beverages when establishing the wholesale and retail price of those alcoholic beverages.
Article IV, § 93, Alabama Constitution of 1901, states: “The state shall not engage in works of internal improvement, nor lend money or its credit in aid of such; nor shall the state be interested in any private or corporate enterprise....” (Emphasis added.) Although § 93 has been amended, those amendments have not changed the language in question.
Following the repeal of the Eighteenth Amendment to the United States Constitution in 1933, which ended prohibition, spirituous liquors and other alcoholic beverages were sold upon the open market in Alabama. In 1937, the Alabama Legislature enacted the original Alabama Beverage Control Act, 1937 AlaAets, No. 66 (1937 Act). The stated intent of the 1937 Act was: “To promote temperance and suppress the evils of intemperance; to regulate and control ... all liquid beverages and articles containing alcohol ... [and] to provide for the sale and purchase at State Liquor Stores of liquors as herein defined....”
Section 3(a) of the 1937 Act stated: “This Act shall be deemed an exercise of the police power of the State of Alabama for the protection of the public welfare, health, peace and morals of the people of the State, and to prohibit forever the open saloon....”
Section 10 of the 1937 Act further stated:
“In order to protect the welfare, health, peace, temperance and safety of the people of the State, and to prevent the return of the saloon atmosphere, there shall be no alcoholic beverages as defined herein sold in less than sealed packages and/or consumed by purchasers, except as hereinafter provided. There shall be no open saloons operated within this State.”
The 1937 Act made the retail sale of spirituous and vinous liquors for off-premises consumption a business activity operated solely by the State through the state retail liquor stores.
In 1939, a constitutional challenge, pursuant to § 93, was made of the 1937 Act in State ex rel. Wilkinson v. Murphy, 237 Ala. 332, 186 So. 487 (1939). Our supreme court reasoned that the 1937 Act was an exercise of the State’s police power, which was “quite broad enough to embrace a business operated solely by the State for trade and traffic.” 237 Ala. at 335, 186 So. at 490 (emphasis added). The court held that the 1937 Act did not violate § 93[1] of the Constitution, stating:
“Acts of similar character to that here involved have been upheld as in the proper exercise of the police power. ‘It is generally held that where the state prohibits the sale of intoxicating liquors by private individuals or corporations, and itself engages in the distribution thereof, the regulation of the sale thereof is admittedly within the police power.’ State v. Andre, 101 Mont. 366, 54 P.2d 566, 569. [ (1936) ] ‘To state it otherwise, the state has the right and power to provide for the sale of intoxicating liquors solely through state stores.’ Ajax v. Gregory, 177 Wash. 465, 32 P.2d 560, 562.” [(1934)] (Emphasis added.)
Murphy, 237 Ala. at 339,186 So. at 495.
In 1980, the legislature passed the Alabama Beverage Licensing Code, 1980 Ala. Acts, No. 80-529 (1980 Act), codified as §§ 28-3A-1 through 28-3A-26, Ala.Code *950 1975, which repealed parts of the 1937 Act regarding state liquor stores, licensing, and the sale of alcoholic beverages.
The 1980 Act[2] allows the ABC Board to issue and renew licenses for the manufacturing, brewing, distillation, fermentation, bottling, importation, distribution and sale of alcoholic beverages. Specifically, the ABC Board was empowered to issue licenses “[t]o sell liquor and wine at retail for off-premises consumption.” § 28-3A-3(a)(8), Ala.Code 1975. Thus, the Alabama Legislature opted to place the retail sale of liquor and wine upon the open market as a business enterprise and “squarely in the private enterprise system” as contended by Bartlett.
Our supreme court has found that it was clear from the language of the 1980 Act that the legislature intended to revise the laws as to the licensing, regulation, and sale of all alcoholic beverages in Alabama. City of Tuscaloosa v. Alabama Retail Association, 466 So.2d 103 (Ala.1985). Since the enactment of the 1980 Act, the ABC Board and our supreme court have interpreted it to allow private individuals, businesses, and corporations to operate retail liquor stores for the retail sale of liquor and other alcoholic beverages for off-premises consumption. Broadwater v. Blue & Gray Patio Club, 403 So.2d 209 (Ala.1981). This was not allowed under the 1937 Act. In Murphy, much emphasis was placed on the fact that the sale of liquor was a business operated solely by the State as an exercise of the State’s police power for the protection of the public welfare, health, safety, and morals of the community.
As recognized by Judge Ingram, “state stores and package stores, in that they both sell liquor at retail, are engaged in the same business.” State Dept, of Revenue v. B & B Beverage, 534 So.2d 1114, 1117 (Ala.Civ.App. 1987). Judge Bradley acknowledged that private retail liquor stores are relatively new in Alabama, coming into existence after 1981.
Id. Therefore, the retail sale of spirituous liquors for off-premises consumption is no longer “a business operated solely by the State for trade and traffic.” Murphy, 237 Ala. at 335,186 So. at 490.
The holding in Murphy was predicated on the fact that the State prohibited the sale of “intoxicating liquors by private individuals or corporations ...” and on the fact that the State provided “for the sale of intoxicating liquors solely through state stores.” Murphy, 237 Ala. at 339,186 So. at 495 (emphasis added). Those facts ceased to exist after the enactment of the 1980 Act and the coming into existence of the privately owned retail liquor stores. Tuscaloosa, Broadwater, and B & B Beverage, supra. Consequently, the holding in Murphy, having been based on a different factual situation, is not binding on this court in this case. We, however, follow the reasoning and logic as expressed in Murphy.
In Murphy, our supreme court stated that § 93 was inserted in our organic law so as to prevent the State from being placed in business enterprises[3] and in competition with private individuals or corporations. Clearly, after 1981, pursuant to the 1980 Act, the retail sale of spirituous and vinous liquors and other alcoholic beverages for off-premises consumption again became a business activity carried on in private enterprise by individuals, businesses, and corporations within the State of Alabama.[4] It was stipulated by the parties that there are approximately 350 licensees in Alabama authorized to sell spirituous and vinous liquors at retail for off-premises consumption, i.e., to operate private retail liquor stores. Also, these private retail liquor stores and the ABC Board’s retail liquor stores are engaged in the same business and are in competition with each other. B & B Beverage.
Our supreme court has held that when the sales upon the open market were *951 prohibited and the activity was not undertaken for profit, it was not a “business enterprise.” Assoc. Industries of Alabama, Inc. v. Britton, 371 So.2d 904 (Ala.1979). The reverse of that reasoning would be that when the sales are upon the open market and the activity is undertaken for profit, it is a “business enterprise.” Id.
When Murphy was decided by our supreme court in 1939, the retail sale of spirituous and vinous liquors for off-premises consumption was not an open market activity. Since 1981, the retail sale of spirituous liquors for off-premises consumption has become an open market business activity in which both the state retail liquor stores and the private retail liquor stores are engaged. B & B Beverage, supra. Consequently, the state retail liquor stores are now making sales upon the open market.
In Murphy, the court reasoned that the State liquor stores were established in the exercise of the State’s police powers to protect the community from crime and pauperism and that “any matter of profit or loss is a mere incident.” 237 Ala. at 342, 186 So. at 497. No one, however, questions the fact that now the ABC Board’s operation of retail liquor stores is undertaken for profit.[5] Consequently, the two conditions set out in Brit-ton by our supreme court for an activity to constitute a “business enterprise” are present in this case, i.e., sales upon the open market and an activity undertaken for profit.
The United States Supreme Court has held that the police power of a state, applied to business activities,
“is the power to regulate those activities, not to engage in carrying them on. Rippe v. Becker, 56 Minn. 100, 111-112; 57 N.W. 331 [ (1894) ]. If a state chooses to go into the business of buying and selling commodities, its right to do so may be conceded so far as the Federal Constitution is concerned; but the exercise of the right is not the performance of a governmental function, and must find its support in some authority apart from the police power. When a state enters the market place seeking customers it divests itself of its quasi sovereignty pro tanto, and takes on the character of a trader....”
Ohio v. Helvering, 292 U.S. 360, 369, 54 S.Ct. 725, 726, 78 L.Ed. 1307 (1934).
Clearly, by following the reasoning of the U.S. Supreme Court, as well as that of the Alabama Supreme Court in Murphy, Britton, and Blue & Gray Patio Club, after 1981 the retail sale of liquor by private individuals, businesses, or corporations for off-premises consumption became a business activity carried on in private enterprise. As stated by Judge Ingram, the state retail liquor stores are now engaged in the same business as the private retail liquor stores. B & B Beverage, supra.
Consequently, we hold that the operation of the state liquor stores for the retail sale of liquor and other alcoholic beverages constitutes a business activity in competition with other business activities in private enterprise and is prohibited by, and in violation of, Article IV, § 93, Alabama Constitution of 1901. That part of the trial court’s judgment is hereby reversed.
The constitutionality of the 1980 Act is not in question in this case. The ABC Board’s operation of retail liquor stores, since the retail sale of spirituous liquors for off-premises consumption became a business activity in private enterprise[6], is the activity offensive to § 93 of our Constitution.
The only alternative this court sees that would permit the continued operation of state retail liquor stores is for the legislature to *952 repeal enough of the 1980 Act and to re-enact sufficient laws so as to prohibit the retail sale of spirituous liquors for off-premises consumption by private individuals or corporations and to provide for the sale of such “liquors solely through state stores.” Murphy, 237 Ala. at 389,186 So. at 495.
The other issue before this court is the ABC Board’s failure to pass on discounts it received from various liquor companies when fixing the wholesale and retail price of the liquor it sold to the private retailers and to the public. The failure to pass on these discounts was another indication that the state retail liquor stores were being operated for profit[7], not for regulatory purposes, and were and are in competition with the private retail liquor stores.
Since we have held that the ABC Board was engaged in private enterprise during the years in question, we further hold that it was under no obligation to pass on the discounts of almost $2,000,000 it received between 1983 and 1988, the amount stipulated to by the parties. That part of the trial court’s judgment is affirmed. We add, however, that if this court or our supreme court were to hold that the ABC Board is not engaged in private enterprise through the operation of its retail liquor stores, we would be constrained to hold that the ABC Board and the State would be obligated to refund the discounts that it failed to pass on to the private retail liquor store operators. Failure to pass on those discounts put the state retail liquor stores in an unfair competitive advantage over the private retail liquor stores, who had to purchase their liquor for resale from the ABC Board.
The trial court’s judgment is affirmed in part and reversed in part. This cause is remanded for the trial court to enter a judgment ordering the ABC Board to cease operation of its retail liquor stores.
This court recognizes and is mindful of the significant economic and operational impact of the sudden closure of all the state retail liquor stores. Consequently, on remand, we instruct the trial court to fashion a remedy for the closure of all the state retail liquor stores so as to adversely affect the ABC Board and its employees as little as possible. This remedy should be reasonable, but it should be fashioned so as to remove the ABC Board from the retail sale of spirituous and vinous liquors in a timely manner. This decision does not affect any other activities or operations of the ABC Board, only the retail sale of spirituous and vinous liquors and all other alcoholic beverages.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THIGPEN and YATES, JJ., concur.

. Justice Knight, however, in a well-reasoned dissent, found that the 1937 Act was violative of § 93 because the purpose, spirit, and design of the act was to raise revenue and not to regulate. Therefore, Justice Knight found that the act allowing the State to engage in the sale of alcoholic beverages went beyond the boundaries of the constitution and, in his judgment, was null and void.

. The 1980 Act specifically repealed all parts of the 1937 Act, as well as all laws or parts of laws, which were in conflict or were inconsistent with the 1980 Act.

. The month after Murphy was decided, the same supreme court stated: "It was the disastrous effects of the State in engaging in business enterprises that led to the adoption of section 93 of the Constitution....” In re Opinion of the Justices, 237 Ala. 429, 431, 187 So. 244 (1939).

.While this did not return the State to the open saloon or the saloon atmosphere, it certainly changed the law under which Murphy was decided.

. Increased visibility and increased profitability have been reasons given by the ABC Board for relocating their retail liquor stores, i.e., to sell more liquor to the public and make more profit. How does this promote temperance? Also, § 28-3-74, Ala.Code 1975, which provides for the distribution of the net profits from the proceeds of the ABC Board's retail liquor stores, demonstrates that the State liquor stores are revenue generating and not regulatory.

. At oral argument, there was some contention that the private retail liquor stores were extensions or agents of the ABC Board, and, thus, were not individuals or businesses operating a private enterprise. It was admitted, however, that these businesses invested their own money, operated their stores as a business selling other commodities to the public, and did not have the governmental immunity from liability.

. Article IV, § 35 of the Alabama Constitution of 1901, was not raised in this case. "That section has been construed to prohibit the state or its subdivisions from engaging in a business venture 'solely for the purpose of raising revenues.'" Taxpayers & Citizens v. City of Foley, 527 So.2d 1261, 1264 (Ala.1988) (citation omitted).