HOOPER, Chief Justice
(dissenting).
This Court should hold that the sale of alcoholic beverages by retail stores operated by the State of Alabama violates Art. IV, § 93, Alabama Constitution of 1901. That section states:
“The state shall not engage in works of internal improvement, nor lend money or its credit in aid of such; nor shall the state be interested in any private or corporate enterprise.”
After the end of prohibition in 1933, liquor was sold on the open market in Alabama. In 1937 the Alabama legislature enacted the original Alcoholic Beverage Control Act, Act No. 66, Ala.Aets 1937. Under that Act, liquor for off-premises consumption was sold only through state-operated liquor stores.
In 1980, the Alabama legislature passed the “Alcoholic Beverage Licensing Code,” Act No. 529, Ala.Acts 1980, codified at Ala. Code 1975, § 28-3A-1 et seq. The 1980 Act authorizes the ABC Board to license others to sell alcohol for off-premises consumption and repeals provisions of the 1937 Act regarding the operation of state operated liquor stores. The 1980 Act made no provision for the continued operation of state liquor stores.
The 1980 Act defined the function of the Alcoholic Beverage Control Board as that of licensing private entities to sell alcoholic beverages. Thus, the ABC Board has the function of regulating, controlling, and supervising alcoholic beverage licensees.
The Alabama Court of Civil Appeals in Bartlett v. Alabama Alcoholic Beverage Control Board, 683 So.2d 947 (Ala.Civ.App.1994), held:
“[T]he operation of the state liquor stores or the retail sale of liquor and other alcoholic beverages constitutes a business activity in competition with other business activities in private enterprise and is prohibited by, and in violation of, Article IV, § 93, Alabama Constitution ■ of 1901_”
The Board acknowledges in its brief, in Argument 1, that § 93 of the 1901 Constitution prevents the state from being involved in a private enterprise. There is no question that the sale of alcoholic beverages is an aspect of free and private enterprise. The Board goes on to argue that it can compete on the open market and cites in support of that argument State ex rel. Wilkinson v. Murphy, 237 Ala. 332, 186 So. 487 (1939). However, the Court of Civil Appeals followed the reasoning and logic of Murphy in rejecting this very argument. The opinion of the Court of Civil Appeals stated:
*963 “The holding in Murphy was predicated on the fact that the State prohibited the sale of ‘intoxicating liquors by private individuals or corporations’ and on the fact that the ‘for the sale of intoxicating liquors solely through state stores.’ Murphy, 237 Ala. at 339, 186 So. at 495 (emphasis added [by the Court of Civil Appeals]). Those facts ceased to exist after the enactment of the 1980 Act and the coming into existence of the privately owned retail liquor stores. [Citations omitted.] Consequently, the holding in Murphy, having been based on a different factual situation, is not binding on this court in this case. We, however, follow the reasoning and logic as expressed in Murphy.”
683 So.2d at 950.
Thus, the repeal of the 1937 Act and the entering into the sale of liquor by private package stores made the operation of the state liquor stores or the retail sale of liquor by the civil government of Alabama a business activity in violation of § 93 of the Alabama Constitution of 1901. If State ex rel. Wilkinson v. Murphy held that the sale of alcoholic beverages by the State of Alabama is an exercise of the police power, it went too far. However, the logic of the opinion by the Court of Civil Appeals does not require that this Court address that issue. The 1980 Act redefined the function of the ABC Board, and that Board placed itself in competition with private enterprise when it continued to operate the state liquor stores. Except as to who receives the income, what difference does it make that state liquor stores sell alcoholic beverages? The only difference between state liquor stores and private liquor stores is who receives the income. The State’s receipt of the income puts it in direct competition with private enterprise, and, logically, the state has an “interest” in a similar enterprise. It is unconstitutional for the State of Alabama to have such an interest. See § 93.
The Court of Civil Appeals, in State Department of Revenue v. B & B Beverage, Inc., 534 So.2d 1114,1117 (Ala.Civ.App.1987), concluded that “the state stores and package stores, in that they both sell liquor at retail, are engaged in the same business.”
The state’s police power authorizes it to control, regulate, and restrain the sale of liquor. The police power does not authorize the state to violate the Constitution, which clearly prohibits the state from engaging in a private enterprise. It matters not whether the State’s civil service employees are running the State’s liquor enterprise or not. Section 93 places no such condition or limitation on the type of interest the state is prohibited from having in a “private or corporate enterprise.” No such limit on the meaning of § 93 is expressed or implied in the plain wording of that section. The policy decision that all alcoholic beverages were to be sold by private enterprise was a decision made by the Legislature in 1980. The judgment of the Court of Civil Appeals should be affirmed.